Caldwell, J.
The plaintiffs in error filed their petition in the common pleas court for the purpose of dissolving the Sprague Carriage Company, a corporation under the statutes of the state.
The petition was filed for the action of the court as prescribed in section 5651, section 5652, and a few of the next following sections thereafter.
The petition sets out several of the things required by the statute, but did not set out the accounts required by section 5652, and then called upon the court to make an order under section 5654 for persons to show cause before the referee to be then appointed, and an application was then made for the appointment of a referee, and the court *297 refused to appoint for the reason that the requirements provided by section 5654 in order that the court might make an order, were not complied with in the petition, in that the accounts and inventories were not in the petition, nor brought before the court in any other manner.
Thereafter, an amendment was made to the petition, in which it was sought to bring the proceeding within the requirements of section 5673, and after the filing of the amendment to the petition, the motion for an order from the court was brought on for hearing, and the motion asked for the order prayed for in the original petition and for such other orders and judgments as prayed for by the plaintiffs, and if this court should be of the opinion that said plaintiffs are not entitled to the orders prayed for, then that the rights of these plaintiffs be protected in the premises, and the court proceed to render such other orders and judgments as may be right and proper under the petition of the plaintiff.
The prayer to the petition was:
“The plaintiffs pray that this court order and require all persons interested in said corporation to show cause, if any they have, why it should not be dissolved, before some referee, master., or commissioner appointed by the court and to be named in the order, and at the time and place specified, as provided by statute, and that said master may be required to take testimony and report with all convenient speed to the court, with a statement of the property, debts, credits and engagements of the corporation, and all other matters pertaining thereto; and that the court may find that it would be beneficial to the honest stockholders of said corpi ration and not injurious to the public interest, that said corporation be dissolved by a judgment of this court, and one or more receivers be appointed of the estate and effects of said corporation; and that the matters connected with said corporation may be fully settled, and the proceeds, avails and property of said corporation be equally and justly divided, if any remain after the payment of the debts, among the stockholders therein, in proportion to the amount of stock held by each of them.”
The amendment to the petition prays"as in the original petition.
*298 Section 5678 sets out certain matters that must be averred in the petition praying for the dissolution of the corporation, and, upon that petition coming before the court, the •statute prescribes that the court shall, if it deem it beneficial ••to the interests of the stockholders, make an order requiring the officers of the corporation within a reasonable time 4q file in court the inventories, accounts and statements required by section 5652, and, after that is filed by the officers •of the corporation, then the court is to proceed as provided in section 5654, which section provides for the appointing •of a receiver or referee or master, and is a proceeding to •determine the questions necessary on hearing. Upon the •application made under the original petition tie statute prescribes that before the court can make the order as provided in section 5654, a petition must be filed containing the -accounts and inventories of the property of the corporation. No such accounts had been filed, and there never was any such accounts filed with the petition, and only an exeuse .given for not filing.
There is no provision of the statute for substituting an ■ excuse for not doing what the statute requires shall be done. And the statute contemplates that it is within the power of the court to give the petitioner access to the books that will enable him to furnish the material that he is required to set out in this petition. And that being true, his petition is not complete, and does not call for the order of the court, if it does not contain the accounts and inventories.
Under these sections, 5651, etc., the court acted strictly according to law as is required in a statutory proceeding, in refusing to make the order asked for under section •5654.
As to section 5673, the express provision of that section Is, that after the petition is filed containing the matters and things therein required, the first action of the court is to require the officers of the corporation within a reasonable time to file in court the inventories, accounts and statements required by section 5652, and the court is not authorized to make any order under section 5654 until such inventories, accounts and statements are filed by the officers of the corporation.
Dickey, Brewer & McGowan-. L. J. Tanney, for Plaintiff in Error.
Wilcox, Collister, Hogan & Parmely, Johnson & Hackney, for Defendant in Error.
The attorney for the plaintiffs did not proceed according to this section, but, immediately upon filing the petition, asked the court to make the order before making the order on the officers of the corporation for the accounts required —and for this reason alone the court was justified in refusing to make the order asked for in the motion. And whether the reason assigned by the court below, was a good one or not, if a good reason exists, the action of the court should not be reversed by this court. But the court is given discretion in this section 5673.
First, upon the filing of the petition, the court shall, if it deem it beneficial to the interest of the stockholders, make the order above referred to upon the officers of the corporation; and ánother discretion is given upon the final adjudication upon the petition, wherein again the court exercises its judgment as to what is to the interest of the stockholders.
We can not find from the record that there was ever any effort made to have the court proceed according to the statute and make the order upon the officers by the court; and, until such order was asked, thes court had no authority, under the statute, to make an order which it was not authorized to make until the order upon the officers had been made and complied with, and the court’s refusing to make such order, and refusing to proceed with the case before it was made to appear to the court that it was for the interest of the stockholders to have this corporation wound up, we find there was no error.
The judgment is affirmed.